UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED
JUN 0 5 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-383-KSF

PAUL BAILEY                                                           PLAINTIFF

V.                                      **OPINION & ORDER**

BILLY MONTGOMERY, *et al.*                             DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the motion to dismiss of the defendants Commonwealth of Kentucky Transportation Cabinet ("KTC") and the individual defendants in their official capacities as officials with the KTC [DE #10].

I.     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Paul Bailey has been an employee of the defendant KTC in Powell and Magoffin Counties for approximately fifteen (15) years. He asserts in his complaint that he is a registered Democrat who actively supported the candidacies of several local and national Democratic candidates in the November 2004 election. He also alleges that defendant Billy Montgomery ("Montgomery") is active in Republican politics and is aware that the plaintiff was a politically-active Democrat.

According to the plaintiff, in May and June of 2004, he was asked to participate in certain excavation work being performed by KTC employees on the personal property of Magoffin County Judge Executive Bill May, a Republican and "politically-influential citizen," as the plaintiff

puts it. The plaintiff asserts that he expressed his belief that such work was unlawful and that state resources should not be used in such a manner.

On election day in November of 2004, the plaintiff asserts that the father of defendant Montgomery approached him to solicit his vote for a Republican candidate for state representative. The plaintiff asserted he would not vote for the candidate in question. Two days after the election, defendant Montgomery allegedly told the plaintiff "it looks like you would learn how to vote right."

Approximately five (5) days after the election, the plaintiff alleges that he was transferred to the KTC office in Powell County in retaliation for his support of Democratic political candidates and for objecting to the unlawful utilization of state resources on the property of private, politically-connected citizens. According to the plaintiff, this transfer resulted in a substantial reduction in overtime pay. The plaintiff asserts that he advised defendants Linda Wagoner Justice and Samuel Beverage of the "politically retaliatory nature of his transfer" and that these defendants acted in concert with defendant Montgomery and other unknown defendants in causing the transfer.

In September of 2005, the plaintiff filed suit against Montgomery, Samuel Beverage, Linda Wagoner Justice, and "Unknown agents" of the KTC, all officials of the KTC, in their individual and official capacities, claiming violation of his civil rights under 42 U.S.C. § 1983. He also named the KTC as a defendant. According to the complaint, the defendants all acted with malice and in concert as part of a pattern, practice, or custom of rewarding political supporters and economically punishing those who did not support their politics. He seeks compensatory damages, damages for humiliation, embarrassment, and suffering, and $2 million in punitive

damages. He also seeks injunctive relief barring the defendants from transferring him again without legitimate cause and prohibiting the defendants from taking employment actions against him because of the exercise of his constitutional rights.

## II. MOTION TO DISMISS

### A. Standard

It is well established that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Court shall construe the pleading liberally and take all well-pleaded facts as true. Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984). "All factual allegations are deemed true and any ambiguities must be resolved in plaintiff's favor." Persian Galleries, Inc. v. Transcontinental Ins. Co., 38 F.3d 253, 258 (6th Cir. 1994). Plaintiff must assert more than bare legal conclusions. In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993). In short, the issue when considering a motion to dismiss is not whether plaintiff will ultimately prevail, but rather, whether plaintiff is entitled to offer evidence in support of his claims.

### B. Eleventh Amendment Immunity

In their motion, the defendants assert that Eleventh Amendment immunity bars all claims against the KTC and all official-capacity claims brought against the individual defendants. The plaintiff concedes that the argument has merit as to the KTC, but not as to the remaining defendants, arguing that the Eleventh Amendment permits suits for prospective injunctive relief against state officials violating federal law pursuant to Ex parte Young, 209 U.S. 123 (1908).

### *1. Claims against the KTC*

The law is well-settled that, unlike a local government, a state cannot be sued for damages under § 1983 in either state or federal court. As to suit in federal courts, the Eleventh Amendment shields a state from such unless the state consents to suit or waives its immunity. The United States Supreme Court held in Quern v. Jordan, 440 U.S. 332 (1979), that Congress did not abrogate the states' Eleventh Amendment immunity in passing § 1983:

> [N]either logic, the circumstances surrounding the adoption of the Fourteenth Amendment, nor the legislative history of the 1871 Act [§ 1983] compels, or even warrants, . . . the conclusion that Congress intended by the general language of the Act to overturn the constitutionally guaranteed immunity of the several States.

Id. at 342 (citation omitted); see also Johnson v. University of Cincinnati, 215 F.3d 561, 571 (6th Cir. 2000) (citing Quern for the proposition "that § 1983 does not override a State's Eleventh Amendment immunity"), cert. denied, 531 U.S. 1052 (2000).

Both parties agree that the claims brought against the KTC are barred by the Eleventh Amendment. Therefore, these claims will be dismissed.

### *2. Official Capacity Claims Against the Individual Defendants*

#### a. claims for damages

The plaintiff has filed a § 1983 claim for damages against the individual defendants in their official capacities as officials of the KTC. As explained by the United States Supreme Court in Kentucky v. Graham, 473 U.S. 159 (1985),

> [p]ersonal capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. . . . Official-capacity suits, in contrast, "generally represent only **another way of pleading an action against an entity of which an officer is an agent**." . . . As long as the government entity

> receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. . . . It is not a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

Id. at 165-66 (emphasis supplied); see also Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity . . . . is no different from a suit against the State itself."). Thus, any claims for monetary damages against the individual defendants sued in their official capacities will be dismissed.

### b. injunctive relief

In his complaint, the plaintiff also seeks "an injunction banning the Defendants from transferring [him] again without legitimate cause and specifically prohibiting the Defendants from taking job actions against [him] due to the exercise of his constitutional rights." (Compl. at p. 6.) The plaintiff argues that he is entitled to maintain his claim for prospective injunctive relief pursuant to Ex parte Young, 209 U.S. 123 (1908).

In Ex parte Young, the United States Supreme Court carved out an exception to Eleventh Amendment state immunity, stating that federal courts "may enjoin state officials to conform their future conduct to the requirements of federal law." Quern v. Jordan, 440 U.S. 332, 337 (1979). Thus, claims for prospective injunctive relief brought against individual defendants in their official capacities are not necessarily barred by the Eleventh Amendment.

Having said that, not all claims for prospective injunctive relief automatically qualify for the Ex parte Young exception. For example, in Gean v. Hattaway, 330 F.3d 758 (6th Cir. 2003),

the plaintiffs attempted to circumvent Eleventh Amendment immunity by including a claim for prospective injunctive relief. However, the Sixth Circuit rejected this notion:

> In an attempt to allow us to reach the merits of their claims, plaintiffs plead their case as one for injunctive relief. Their complaint is, however, based entirely upon past acts and not continuing conduct that, if stopped, would provide a remedy to them, and it therefore does not come under the doctrine of *Ex Parte Young*, 209 U.S. 123, 155-56, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

Id. at 776 (citation omitted).

The defendants argue that, like the plaintiff's case in Gean, the plaintiff's complaint herein does *not* involve a case of ongoing or threatened violations of federal law and, thus, there are no current or threatened illegal acts for this Court to enjoin. They contend that, instead, the plaintiff seeks to reprimand state officials for prior and discontinued conduct and asks for nothing more than the same guarantee that every citizen of the Commonwealth is already entitled to – to be free from illegal acts by state government officials.

The United States Supreme Court in Papasan v. Allain, 478 U.S. 265 (1986), noted the following regarding continuing conduct versus past acts:

> . . . *Young* has been focused on cases in which a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past, as well as on cases in which the relief against the state official directly ends the violation of federal law as opposed to cases in which that relief is intended indirectly to encourage compliance with federal law through deterrence or directly to meet third-party interests such as compensation. As we have noted: "**Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law. But compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment.**" *Green v. Mansour*, 474 U.S. 64, 68, 106 S. Ct. 423, 426, 88 L. Ed.2d 371 (1985) (citation omitted).

-6-

Id. at 277-78 (emphasis supplied); see also ANR Pipeline Co. v. Lafaver, 150 F.3d 1178, 1191 (10th Cir. 1998) ("The *Ex parte Young* doctrine applies only to continuing wrongs."). The plaintiff in the present case is only complaining of past actions of KTC officials and does not allege present, ongoing conduct that is violative of his federal rights. Further, there is no allegation of threatened illegal conduct. Rather, he seeks an adjudication of the legality of past state conduct. If so, then the Ex parte Young exception is inapplicable and Eleventh Amendment immunity extends even to the prospective injunctive claims. The Court finds that the allegations of *discrete* conduct in the present case are sufficient to come within the Ex parte Young exception and, therefore, these claims will be dismissed as well.

### 3. *State Law Claims*

The defendants also assert that the Ex parte Young exception does not apply to *state* law claims filed against a state in federal court – regardless of the type of relief sought – and, therefore, the Court should dismiss any portion of the plaintiff's complaint that attempts to assert a state law claim. While this statement of the law is correct, Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 106 (1984), the Court has reviewed the complaint and is unable to find any state law claim stated therein. However, this portion of the defendants' motion will be granted to the extent there are any state law claims stated in the complaint.

Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that

    (1)    the defendants' motion to dismiss [DE #10] is GRANTED;

    (2)    all claims against defendant Kentucky Transportation Cabinet are DISMISSED WITH PREJUDICE;

(3)  all claims against the individual defendants in their official capacities are DISMISSED WITH PREJUDICE; and

(4)  this order is interlocutory in all respects.

This ____5th____ day of June, 2006.

*KSF*

KARL S. FORESTER, SENIOR JUDGE